IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  v.<br><br>PETE AGAPITO CHAVEZ,<br><br>        Defendant. _____/ | No. 11-CR-331 MMC<br><br>**ORDER AFFORDING DEFENDANT LEAVE TO FILE DECLARATION IN SUPPORT OF § 2255 MOTION** |

Before the court is defendant Pete Agapito Chavez's ("Chavez") "Application Seeking Habeas Relief Pursuant to 28 U.S.C. § 2255," (hereinafter "Motion"), filed May 8, 2013, raising four claims: (1) outrageous government conduct warranted dismissal of the grand jury indictment; (2) the Court abused its discretion in denying his request to withdraw his guilty plea; (3) his arrest and the search of his car violated the Fourth Amendment; and (4) he received ineffective assistance of counsel. By order filed May 24, 2013 (see Doc. No. 69), the Court dismissed the first three claims and directed the government to file a response as to the fourth. The government thereafter filed its opposition, to which Chavez filed a reply.[1] Having read and considered the papers filed in support of and in opposition to the Motion, the Court hereby rules as follows.

---

[1] Chavez, without prior leave of court, subsequently filed a supplement to his reply, which the Court nonetheless has considered.

In his Motion, Chavez asserts: (1) that his trial counsel provided ineffective assistance by failing to conduct a proper investigation, pressuring him into pleading guilty, failing to move to dismiss the indictment, and failing to move to suppress evidence; (2) that the attorney who was appointed to represent him on his motion to withdraw his guilty plea provided ineffective assistance by failing to file, at his request, a notice of appeal and (3) that the attorney who thereafter was appointed to represent him provided ineffective assistance by failing to file a request to file a late notice of appeal.  None of the statements made by Chavez in support thereof, however, are made under penalty of perjury, submitted in a declaration, or otherwise made under oath.[2]  See Fed. Rules Governing § 2255 Proceedings, Rule 2(b)(5) (requiring § 2255 motion "be signed under penalty of perjury"); 28 U.S.C. § 1446 (providing form of sworn declaration); Coleman v. McCormick, 874 F.2d 1280, 1284 (9th Cir. 1989) (refusing, in considering petition for writ of habeas corpus, to credit statements "unsworn and unsupported by any proof or offer of proof").  The Court, however, will afford Chavez leave to file a declaration, signed under penalty of perjury, setting forth in detail the facts on which he bases his Motion.

Chavez's motion shall be filed no later than November 14, 2014, after which the Court will determine what further proceedings, if any, are appropriate.

**IT IS SO ORDERED.**

Dated: October 15, 2014

MAXINE M. CHESNEY
United States District Judge

---

[2]Although at one point, early in his discussion, Chavez states, "I, Peter A. Chavez, hereby swear and declare under penalty of perjury pursuant to 28 U.S.C. 1746(1)" (see Doc. No. 68 at hand-numbered 15), the purported declaration is neither complete nor signed, and, in any event, appears applicable to only one aspect of the Motion (see id.).