IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>PETE AGAPITO CHAVEZ,<br><br>　　　　Defendant.　　　　　　　　／ | No. 11-CR-331 MMC<br><br>**ORDER STRIKING GOVERNMENT'S MOTION FOR WAIVER OF ATTORNEY-CLIENT PRIVILEGE; AFFORDING GOVERNMENT LEAVE TO FILE NEW MOTION** |

　　　　The Court is in receipt of the government's "Motion for Limited Waiver of Attorney-Client Privilege," filed March 20, 2015. As set forth below, the motion is not filed in compliance with the Criminal Local Rules of this district and, consequently, is procedurally defective.

　　　　First, the government has, once again, violated Rule 47-2. See Crim. L.R. 47-2(a) (requiring motions to be "filed, served, and noticed in writing for hearing") (emphasis added); (Order, filed January 5, 2015 (directing government to serve defendant with earlier-filed motion)). Additionally, the government has violated rule 47-2 by failing to notice the motion for hearing, see Crim. L.R. 47-2(a) (requiring motions to be "filed, served, and noticed in writing for hearing") (emphasis added), and by failing to file a declaration in support of the factual assertions on which it relies, see Crim. L.R. 47-2(b) (providing "[m]otions presenting issues of fact shall be supported by affidavits or declarations"); (Mot. at 2 (stating government has conferred with defendant's prior counsel who have informed

government they will not provide evidence bearing on defendant's motion unless Court first finds waiver of attorney-client privilege)).

Accordingly, the motion is hereby STRICKEN and the government is, for the second time, afforded leave to file a motion for a finding of a limited waiver of the attorney-client privilege. Any such motion shall be filed no later than April 1, 2015, which filing shall be accompanied by proof of mailed service on defendant, and shall be noticed for hearing on a schedule that allows defendant no less than 4 weeks to respond.

Lastly, the Court notes that, in addition to the above-described deficiencies, the order the government seeks by the instant motion, at least as presently described, is narrower than the issues raised in defendant's remaining claim. In particular, the government seeks an order finding a waiver "on the limited issue of whether (1) [defendant] was any [sic] forced to take a plea (2) any of prior counsel refused to file a Notice of Appeal" (see Mot. at 2:8-10), whereas the remaining issues as set forth by the Court include not only those issues but also issues as to whether "trial counsel provided ineffective assistance by failing to conduct a proper investigation, . . . failing to move to dismiss the indictment, and failing to move to suppress evidence" (see Order, filed Oct. 15, 2014 at 2:1-3; see also Order, filed February 17, 2015 at 2:7 (noting evidence submitted by government failed to address alleged failure to obtain "critical videotape").

Consequently, if the government elects to file a new motion, it should make clear therein that the finding it seeks is broad enough to encompass all of the allegations raised in support of defendant's remaining claim.

**IT IS SO ORDERED.**

Dated: March 25, 2015

_____
MAXINE M. CHESNEY
United States District Judge