IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>PETE AGAPITO CHAVEZ,<br>Defendant. | Case No. 11-cr-00331-MMC-1<br>**ORDER DISMISSING DEFENDANT'S SECTION 2255 MOTION**<br>Re: Dkt. No. 149 |

Before the Court is defendant's "Application for Leave to File a Second or Successive 28 U.S.C. § 2255 Motion," initially filed with the United States Court of Appeals for the Ninth Circuit on July 27, 2016, and subsequently "transfer[red] . . . to the United States District Court for the Northern District of California to be processed as a section 2255 motion" in the above-titled action. See Chavez v. United States, No. 16-72132, slip op. at 1 (9th Cir. Mar. 10, 2017).[1] Having read and considered the motion, the Court rules as follows.

By indictment filed May 19, 2011, defendant was charged with five offenses: Conspiracy to Distribute 280 Grams or More of Cocaine Base, in violation of 21 U.S.C. § 846 (Count I); Possession with Intent to Distribute Cocaine Base, in violation of 21

---

[1] On March 10, 2017, the Ninth Circuit "express[ed] no opinion as to the merits of [defendant's] claims" and denied the application "as unnecessary because the record show[ed] that the applicant ha[d] not had a prior section 2255 motion adjudicated on the merits" in the above-titled action. See id. at 1, 2.

U.S.C. § 841(a) (Count II); Possession with Intent to Distribute 280 Grams or More of Cocaine Base, in violation of 21 U.S.C. § 841(a) (Count III); Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A)(I) (Count IV); and Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g) (Count V). On July 6, 2011, pursuant to a plea agreement, defendant pleaded guilty to Counts I, III, IV, and V and agreed to an adjusted offense level of 29 under the United States Sentencing Guidelines ("U.S.S.G.") and a sentence of 180 months imprisonment. On June 27, 2012, the Court sentenced defendant to a term of 180 months and judgment was entered.

Pursuant to 28 U.S.C. § 2255, "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside, or correct the sentence." See 28 U.S.C. § 2255(a). Here, defendant asserts, the presentence report upon which his sentence is based erroneously "classified [him] as a career offender" under the U.S.S.G. because it considered his prior conviction for evading a peace officer a "crime of violence" and his prior conviction for possession/purchase of cocaine base for sale "a controlled substance offense." (See Def.'s Application at 4.)

As provided in the U.S.S.G:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

See U.S.S.G. § 4B1.1(a). Defendant challenges as unconstitutional the "residual clause" (see Def.'s Application at 5) set forth below in italics and found in the following guideline defining the term "crime of violence":

> The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that--
>
> (1) has as an element the use, attempted use, or threatened use of physical

2

force against the person of another, or

(2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another.*

See U.S.S.G. § 4B1.2(a) (emphasis added).[2] The term "crime of violence," in turn, is, as noted above, found in the guideline defining "career offender." See U.S.S.G. § 4B1.1(a).

Defendant contends "his prior conviction for evading a peace officer . . . , which was necessary to the career-offende[r] determination, was based on the residual clause" (see Def.'s Application at 5), and that said clause is unconstitutional given the Supreme Court's reasoning in Johnson v. United States, 135 S. Ct. 2551 (2015), in which the Supreme Court found unconstitutional the "residual clause" contained in a section of the Armed Career Criminal Act ("ACCA") defining the term "violent felony." See 18 U.S.C. § 924(e)(2)(B). According to defendant, "Johnson's holding that the ACCA's residual clause is unconstitutionally vague applies with equal force to the residual clause in § 4b1.2(a)(2), the text of which is identical to the residual clause of the ACCA." (See Def.'s Application at 8.)

Subsequent to the filing of defendant's motion, however, the Supreme Court ruled that "the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause and that § 4B1.2(a)'s residual clause is not void for vagueness." See Beckles v. United States, 137 S. Ct. 886, 895 (2017). In light of Beckles, defendant's argument that "the residual clause is void for vagueness" and thus "violates due process" (see Def.'s Application, at 5) is unavailing. Under such circumstances, defendant is not entitled to relief under § 2255, and, consequently, the motion is subject to dismissal. See Rule 4(b), Rules Governing Section 2255 Proceedings (requiring dismissal of § 2255 motion where "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief").

---

[2] The above-quoted guideline was in effect at the time defendant was sentenced. It subsequently has been amended.

3

Accordingly, defendant's motion is hereby DISMISSED.

**IT IS SO ORDERED.**

Dated: April 14, 2017

MAXINE M. CHESNEY
United States District Judge